IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATHANIEL ANDERSON, | § | No. 207, 2017 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 30306671DI (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 20, 2017
Decided: February 8, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### ORDER

This 8th day of February 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Nathaniel Anderson, was convicted and sentenced in 1994 on two counts of unlawful sexual intercourse first degree. The convictions were affirmed on direct appeal.[1] This appeal is from the Superior Court's denial of Anderson's fifth motion for postconviction relief under Superior Court Criminal Rule 61.

---

[1] *Anderson v. State*, 1995 WL 330821 (Del. May 26, 1995).

(2)     In his fifth motion for postconviction relief, Anderson challenged the validity of an FBI analyst's trial testimony concerning pubic hair evidence collected from Anderson and the victim. Anderson alleged that there was "no valid research for the State's expert to have reached his conclusion, connecting defendant's hair to the victim."[2]

(3)     Anderson purported to support his allegation with a copy of a letter dated September 30, 2014, from the U.S. Department of Justice to the Delaware Attorney General. The letter concerned the Department of Justice's nationwide review of pre-1999 convictions where FBI analysts had provided faulty hair comparison testimony. In its original form, the September 30, 2014 letter identified a Delaware case where a defendant's convictions were based on flawed hair analysis evidence. In the copy of the letter submitted by Anderson, however, the defendant's name and criminal action number were redacted.

(4)     Based upon Anderson's apparent representation that the letter from the U.S. Department of Justice applied to his case, the Superior Court granted Anderson's motion for appointment of postconviction counsel. After the appointment of postconviction counsel, the prosecutor in Anderson's trial served and filed a letter informing the Superior Court of recent inquiries he had made to the U.S.

_____

[2] Appendix to Motion to Withdraw as Counsel at A91, *State v. Anderson*, Cr. ID No. 30306671DI (Del. Super. Ct. Dec. 28, 2016).

2

Department of Justice about the September 30, 2014 letter. Based upon the Department's response to his inquiries, the prosecutor advised the court and postconviction counsel that Anderson's case was not in the FBI database of cases involving improper hair comparison analysis, and that the Department's September 30, 2014 letter did not concern Anderson.

(5) In January 2017, Anderson's postconviction counsel filed a motion to withdraw and supporting memorandum under Rule 61(e).[3] Postconviction counsel stated that, after conducting a thorough analysis of the record, he could find no grounds to seek postconviction relief. In the supporting memorandum, postconviction counsel explained that Anderson's challenge to the validity of the hair comparison evidence was not supported in the record because the FBI analyst's trial testimony did not connect Anderson's hair to the victim, as Anderson had claimed. Instead, the FBI analyst testified that the hair evidence examined in Anderson's case revealed no transfer of hair between Anderson and the victim.

(6) On April 20, 2017, the Superior Court issued an order denying Anderson's motion for postconviction relief as procedurally barred under Rule 61(i).[4] The court also granted postconviction counsel's motion to withdraw. On

---

[3] *See* Del. Super. Ct. Crim. R. 61(e)(7) (providing for motion to withdraw if counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant).
[4] R. 61(i) (governing bars to relief).

3

appeal, we find it manifest that the Superior Court's judgment should be affirmed on the basis of the court's well-reasoned decision dated April 20, 2017.[5]

(7) Considerable judicial, prosecutorial, and defense resources were needed to ensure that Anderson's claim of error was properly investigated and evaluated. In the end, Anderson's claim was found to be patently frivolous. We advise Anderson to be mindful in the future that, under Rule 61(j), when an unsuccessful postconviction movant has brought a claim "so completely lacking in factual support or legal basis as to be insubstantial," the Superior Court may, upon motion, require the movant to reimburse the state for costs and expenses paid from public funds.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[5] *See State v. Anderson*, Cr. ID No. 30306671DI (Del. Super. Ct. April 21, 2017) (copy attached).
[6] Del. Super. Ct. Crim. R. 61(j).

4

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
) ID#30306671DI
v. )
)
NATHANIEL R. ANDERSON, )
)
Defendant )

Submitted: January 28, 2017
Decided: April 20, 2017

On Defendant's Motion for Postconviction Relief. **DENIED.**

On Defendant's Counsel's Motion to Withdraw as Counsel. **GRANTED.**

# <u>ORDER</u>

Robert B. O'Neill, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Patrick J. Collins, Esquire, Collins & Associates, Wilmington, Delaware, Attorney for Defendant.

COOCH, R.J.

This 20th day of April 2017, upon consideration of Defendant's Motion for Postconviction Relief and Defendant's Counsel's Motion to Withdraw as Counsel, it appears to the Court that:

1.  On July 20, 1994, Defendant was found guilty on two counts of Unlawful Sexual Intercourse First Degree. On October 7, 1994, Defendant was sentenced to two twenty-five year Level V sentences. The Court ordered that those sentences would be served

consecutively. Defendant's conviction and sentence were affirmed by the Delaware Supreme Court on appeal.[1]

2. Prior to filing this Motion for Postconviction Relief, Defendant had filed four previous motions for postconviction relief that were all denied by this Court. Defendant's first motion for postconviction relief, alleging that a rational trier of fact could not have found him guilty on the facts presented at trial, was denied by this Court on September 29, 1998. Defendant's second motion for postconviction relief, in which he made claims of ineffective assistance of counsel, was denied on July 7, 1999 on grounds that it was procedurally barred. This Court's denial of Defendant's second motion for postconviction relief was affirmed by the Delaware Supreme Court on May 8, 2000. Defendant's third motion for postconviction relief was summarily dismissed by this Court on June 13, 2002, an order that the Delaware Supreme Court affirmed on August 28, 2002.[2] Finally, Defendant's fourth motion for postconviction relief was denied by this Court on November 5, 2012.

3. On October 5, 2015, Defendant filed this, his fifth, Motion for Postconviction Relief. In this motion, Defendant argues that hair analysis evidence presented at trial was improper. In support of his fifth motion for postconviction relief, Defendant attached a letter from Norman Wong, Special Counsel for the United States Department of Justice, to then State Prosecutor Kathleen Jennings. That letter was dated September 30, 2014. The subject line of the letter read "State v. [defendant]," but the defendant's name was completely redacted, rendering it illegible. In that letter, the United States Department of Justice advised that "a report or testimony regarding microscopic hair comparison analysis containing erroneous statements was used in this case."[3] The letter advised that the examiner's testimony in whatever case the letter was intended to address "exceeded the limits of science and were, therefore, invalid."[4]

---

[1] *Anderson v. State*, 1995 WL 330821 (Del. May 26. 1995) (finding no merit to Defendant's argument that "the trial court committed prejudicial error in refusing to instruct the jury concerning an unsolicited derogatory comment made by a prosecution witness.").

[2] *Anderson v. State*, 2002 WL 2009111 (Del. Aug. 28. 2002).

[3] Def.'s Mot. for Postconviction Relief. Ex. A. at 1.

[4] *Id.* at 2.

2

4. On October 30, 2015, Defendant filed a Motion for Appointment of Counsel. On January 5, 2016, the Court granted Defendant's motion and appointed counsel, advising the Prothonotary that

> Attached to the [Motion for Postconviction Relief] is a letter of September 30, 2014 to State Prosecutor Kathleen Jennings from Norman Wong, Special Counsel to the United States Department of Justice, concluding that "a report or testimony regarding microscopic hair comparison analysis containing erroneous statements was used in this case."
>
> I assume that the September 30, 2014 letter pertains to the Nathaniel Anderson case but the name of the Defendant in Mr. Wong's letter is redacted, so I cannot be sure. However, under the circumstances, I will order that counsel be appointed for Defendant in connection with his Motion for Postconviction Relief filed October 5.

5. On November 22, 2016, the State wrote a letter to the Court advising that the letter did not pertain to Anderson's case. In that letter, the State informed the Court that

> While Your Honor decided to assign counsel you also noted that the letter from Mr. Wong was redacted and could only assume that the letter pertained to the defendant.
>
> On November 14, 2016, I spoke with Janice Millner, who is a management analyst with the FBI. She advised that she checked the FBI Data Base and [Anderson's] case was not one that was reviewed y the FBI. On November 15, 2016, I spoke with Special Counsel Norman Wong and he confirmed that he did not send a letter to Kathleen Jennings in Nathaniel Anderson's case.
>
> Mr. Wong did indicate that he sent a letter [dated September 30, 2014] in State v. Benjamin Crump. State Detective Clifford Dempsey determined that Nathaniel Anderson and Benjamin Crump were housed in the same prison.[5]

The State enclosed Mr. Wong's September 30, 2014 letter pertaining to Benjamin Crump's case with its letter. Having compared the United States Department of Justice letters in Benjamin Crump's case with the exhibit that Defendant submitted in support of his fifth

---

[5] App. to Motion To Withdraw as Counsel at A122.

3

Motion for Postconviction Relief, it appears that the two letters are identical. Based on the State's representation that Mr. Wong did not write a letter pertaining to Defendant but did write a letter pertaining to Benjamin Crump on September 30, 2014, it is possible (but immaterial to this motion) to conclude that the redacted defendant's name in Defendant's submission is Benjamin Crump.[6]

6. On December 28, 2016, Defendant's appointed counsel filed a Motion to Withdraw as Counsel. In that Motion, Defendant's appointed counsel asserted that

> all potential claims . . . are barred by operation of Rule 61(i). As to the claims Mr. Anderson raised, they cannot be ethically advanced. Factually, it is clear from the record that the agent who testified did not opine about hair comparison or analysis. In fact, quite the opposite is true. He testified that he found no hairs for comparison.[7]

7. The Court finds that Defendant's claims are barred by Superior Court Criminal Rule 61(i). As this is not Defendant's first motion, this motion can only be considered by the Court if Defendant

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[8]

Defendant has not set forth any argument that new evidence exists that creates a strong inference of actual innocence, or that a new rule of constitutional law made retroactive to cases on collateral review has been created. Additionally, Defendant's reliance on Mr. Wong's letter in support of his argument that the hair analysis evidence was improper at trial is misplaced. Mr. Wong's letter did not address

---

[6] Benjamin Crump's nearly identical Motion for Postconviction Relief based on Mr. Wong's letter is currently pending.

[7] Mot. to Withdraw as Counsel at 6.

[8] Rule 61(d)(2).

4

Defendant's case, but rather addressed a different defendant's case. Accordingly, Defendants fifth Motion for Postconviction Relief is **DENIED.** Defendant's appointed counsel's Motion to Withdraw as Counsel is therefore **GRANTED.**

**IT IS SO ORDERED.**

Richard R. Cooch, R.J.

cc: Prothonotary
    Investigative Services
    Nathaniel R. Anderson

2017 APR 21 AM 8:34